UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case No. 1:18-cr-183

ERIK JACQUES KRANZ,                         HON. JANET T. NEFF

    Defendant.
_____/

## **ORDER REGARDING REPORT AND RECOMMENDATION**

Defendant is charged in a Felony Information with dealing firearms without a license (ECF No. 1). On September 25, 2018, following a hearing conducted that same day, the United States Magistrate Judge issued a Report and Recommendation (R&R), accepting Defendant's plea of guilty, subject to final acceptance of the plea by the District Judge; reserving acceptance of the plea agreement (ECF No. 4) for the District Judge; and recommending that the District Judge "reject paragraph 13 of the Plea Agreement, which contains the so-called 'Hyde Waiver,' as against public policy and void as a matter of law" (R&R, ECF No. 5 at PageID.18). The Report and Recommendation was duly served on the parties. The government filed an objection (ECF No. 6), to which Defendant did not file any response.

The government objects to the Magistrate Judge's recommendation to reject Paragraph 13 of the Plea Agreement. Paragraph 13 provides the following:

> Hyde Waiver. The Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

(ECF No. 4 at PageID.14).  The Hyde Amendment was enacted on November 26, 1997 as part of Public Law 105-119, and is found as a statutory note to 18 U.S.C. § 3006A.  The Hyde Amendment permits a prevailing federal criminal defendant to recover a reasonable attorney's fee and litigation expenses if the position of the United States was "vexatious, frivolous, or in bad faith, unless, the court finds that special circumstances make such an award unjust."  Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes).  The government indicates that to prevent the filing of frivolous litigation, the United States often seeks a waiver of Hyde Amendment claims when a defendant is represented by retained counsel (ECF No. 6 at PageID.21).

In support of its objection, the government argues that Paragraph 13 is a reasonable provision gained in exchange for substantial consideration, to wit:  "allow[ing] Mr. Kranz to plead to a felony information charging one count with a statutory maximum of five years' incarceration rather than to more serious charges" (ECF No. 6 at PageID.20-21).  The government also points out that a court has the power only to accept or reject a plea agreement, not to strike a portion of the agreement (*id.* at PageID.21-22, citing FED. R. CRIM. P. 11(c) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."); *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015) (by allowing the parties to negotiate the final terms of a plea agreement in its presence, the district court at the very least did not follow best practices, and may in fact have violated Rule 11(c)(1))).

Having reviewed the Report and Recommendation and the Objection, the Court determines that the Magistrate Judge's recommendation to reject Paragraph 13 is properly rejected.  "It is well settled that a defendant may waive any right, even a constitutional right, by means of a plea agreement."  *United States v. Sawyer*, 825 F.3d 287, 291 (6th Cir. 2016) (citation omitted).  While

the Court similarly finds the Hyde waiver language repugnant, such waivers are nonetheless permissible and are accepted practice within this district, as delineated by the government (ECF No. 6 at PageID.20). Accordingly:

**IT IS HEREBY ORDERED** that:

1. The Objection (ECF No. 6) is GRANTED, and the Report and Recommendation of the Magistrate Judge (ECF No. 5) is APPROVED IN PART and REJECTED IN PART; specifically, the Court rejects the Magistrate Judge's recommendation to reject Paragraph 13 of the Plea Agreement but otherwise approves and adopts the remainder of the Report and Recommendation as the Opinion of the Court.

2. Defendant's plea of guilty is accepted, and Defendant is adjudicated guilty of the charge set forth in the Felony Information.

3. The written plea agreement is hereby continued under advisement pending sentencing.


Dated: October 23, 2018                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge